**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH LAMAR ANGLIN, | |
| Plaintiff, | Civil Action No. 16-4049 (ES) (JAD) |
| v. | MEMORANDUM |
| ROBERT MATTHEW ANGLIN, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Two motions to dismiss are pending before the Court. Defendants Robert Matthew Anglin ("Robert") and Robert's wife[1] (together, the "Robert Defendants") moved to dismiss *pro se* Plaintiff's Amended Complaint (D.E. No. 65, Am. Compl.) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 77). Defendants Wilentz, Goldman & Spitzer, P.A. ("Wilentz Firm") and Edwin Leavitt-Gruberger, Esq. ("Gruberger") (together, the "Wilentz Defendants") moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 81). Plaintiff opposed both motions (D.E. Nos. 95 & 96), and the Robert Defendants and the Wilentz Defendants filed reply briefs (D.E. Nos. 103 & 102). The Court has jurisdiction under 28 U.S.C. § 1332. The Court has considered the parties' submissions and decides these matters without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Robert

---

[1] Plaintiff's Amended Complaint names as a defendant "Unidentified, purported to be wife of Mr. Robert M. Anglin." (D.E. No. 65, Am. Compl.). An earlier version of Plaintiff's pleading, however, identifies this defendant as "Emily Mellow." (D.E. No. 8). Nevertheless, the parties do not refer to this defendant by name in their briefs. Since Robert refers to this defendant as his wife (*see, e.g.*, D.E. No. 77 at 20), the Court will refer to this defendant as "Robert's wife."

Defendants' motion is GRANTED in part and DENIED in part, and the Wilentz Defendants' motion is GRANTED in part and DENIED in part.

**I.     Background**

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief.[2] In December 2013, Plaintiff's first cousin, Frederick J. Yanz, was discovered dead in his home in Livingston, New Jersey. (Am. Compl. ¶¶ 15, 17). Plaintiff alleges that Robert—who was the executor of Yanz's estate (the "Yanz Estate") and a second cousin to Yanz—misappropriated assets from the Yanz Estate (including from Yanz's house and bank accounts) and interfered with Plaintiff's inheritance. (*See, e.g.*, *id.* ¶¶ 18-19, 22, 41, 43). Plaintiff also alleges various instances of Robert lying about his relationship to Yanz to prevent Plaintiff from learning about Yanz's death. For example, Plaintiff alleges that Robert told the police he was Yanz's only living relative to discourage a "further search for relatives, and present[] himself as the heir in entirety." (*Id.* ¶ 21). In addition, Plaintiff alleges that Robert told the funeral home he was Yanz's nephew, which, "by funeral home policy, prevent[ed] any of [Yanz's] other relatives (including Plaintiff) from being notified." (*Id.* ¶ 25).

Plaintiff also alleges that the Wilentz Firm and Gruberger (a shareholder of the Wilentz Firm) committed various torts in connection with their representation of the Yanz Estate and Robert in his capacity as executor of the Yanz Estate. (*See id.* ¶¶ 66-67). Plaintiff alleges similar tort claims against Robert's wife. (*See id.* ¶ 68).

---

[2]     The Court must accept Plaintiff's factual allegations as true for purposes of resolving the motions to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012) ("As such, we set out facts as they appear in the Complaint and its exhibits.").

II.　**Legal Standard**

　　A.　**Rule 12(b)(1) Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).[3] A party bringing a motion under Rule 12(b)(1) may assert either a "facial or factual challenge to the court's subject matter jurisdiction." *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In a facial attack, the moving party "challenges subject matter jurisdiction without disputing the facts alleged in the complaint," and the Court must "consider the allegations of the complaint as true." *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). In a factual attack, on the other hand, the moving party "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts, and [the court may] weigh and consider evidence outside the pleadings." *See id.* (cleaned up).

　　B.　**Rule 12(b)(6) Standard of Review**

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[3]　　Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citation omitted). But the court is not required to accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III. Analysis

### A. Robert Defendants' Motion to Dismiss

#### i. The Probate Exception

The Robert Defendants argue that the probate exception bars all of Plaintiff's claims against them, except Plaintiff's defamation claim. (D.E. No. 77 ("Robert Mov. Br.") at 4). For the following reasons, the Court disagrees.

"The probate exception is a jurisdictional limitation on the federal courts originating from the original grant of jurisdiction in the Judiciary Act of 1789." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226 (3d Cir. 2008). Under this exception, federal courts lack jurisdiction over "the probate or annulment of a will [or] the administration of a decedent's estate." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). In the Third Circuit, the probate exception applies only if the "federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three*

*Keys Ltd.*, 540 F.3d at 227. The Supreme Court has emphasized that the probate exception is a "narrow exception" of "distinctly limited scope." *Marshall*, 547 U.S. at 305, 310.

The Robert Defendants contend that the Court lacks subject matter jurisdiction over "Plaintiff's causes of action that ask this Court to interfere with the administration of the decedent's estate or assume *in rem* jurisdiction over property that is in the custody of the Superior Court of Essex County, Probate Part." (Robert Mov. Br. at 15). To the extent Plaintiff seeks to reach a *res* in the custody of the state court, the Robert Defendants are correct and Plaintiff is barred from obtaining such a judgment. But the Robert Defendants mischaracterize the thrust of Plaintiff's claims. Plaintiff primarily alleges that Robert concealed and misappropriated assets from the Yanz Estate. Thus, Plaintiff is not seeking to reallocate assets already in the Yanz Estate; rather, he is seeking what he believes are stolen assets that never made it into the Yanz Estate. (*See, e.g.*, Am. Compl. ¶ 22, 41, 43); *see also Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) (finding the probate exception inapplicable because the "judgment sought would just add assets to the decedent's estate; it would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate").

Plaintiff's claim for tortious interference with inheritance, for example, is a "widely recognized tort" that often falls outside the scope of the probate exception. *See Marshall*, 547 U.S. at 312 (citing 4 Restatement (Second) of Torts § 774B (1979) ("One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.") (alteration omitted)). Like in *Marshall*, Plaintiff appears to seek an *in personam* judgment against the Robert Defendants for their alleged misappropriation and related torts. *See id.*; *see also Lefkowitz v. Bank of New York*, 528 F.3d 102, 108 (2d Cir. 2007) ("The

probate exception can no longer be used to dismiss 'widely recognized torts' such as breach of fiduciary duty or fraudulent misrepresentation merely because the issues intertwine with claims proceeding in state court.") (alteration omitted).

Indeed, since *Marshall*, courts have consistently found tort claims like Plaintiff's not barred by the probate exception. *See, e.g.*, *Lefkowitz*, 528 F.3d at 101-08 (holding that the probate exception did not bar plaintiff's *in personam* claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, and fraudulent concealment); *Wojciechowski v. Musial*, No. 17-0655, 2018 WL 372225, at *2 (M.D. Pa. Jan. 11, 2018) (holding that plaintiff's allegations that defendants converted over $100,000 in cash and other assets did not implicate the probate exception because the "property is not in the custody of the state probate court, but is evidently still in the possession of the defendants"); *Chabot v. Chabot*, No. 11-0217, 2011 WL 5520927, at *5 (D. Idaho Nov. 14, 2011) (rejecting "defendants' argument that adjudicating plaintiffs' tort claim would unduly interfere with administration of the trust"); *Solow v. Berger*, No. 10-2950, 2011 WL 1045098, at *2 (E.D. Pa. Mar. 22, 2011) (holding that the probate exception does not bar plaintiff's claim of tortious interference with inheritance); *see also Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015) ("A case does not fall under the probate exception if it merely impacts a state court's performance" of probating or annulling a will, administering a decedent's estate, or disposing of property in the custody of a state probate court) (citing *Three Keys*, 540 F.3d at 227).

Accordingly, the Robert Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### ii.  Tortious Interference with Inheritance

Alternatively, the Robert Defendants argue that Plaintiff fails to state a claim for tortious interference with inheritance because he has adequate remedies in probate court.  (Robert Def. Mov. Br. at 16-19).  For the following reasons, the Court agrees.

"It is not clear that New Jersey has recognized a cause of action for tortious interference with inheritance." *Cole v. Wells Fargo Bank, N.A.*, No. 12-1932, 2016 WL 1242765, at *7 (D.N.J. Mar. 30, 2016); *see also McDonald v. Copperthwaite*, No. 13-5559, 2015 WL 519290, at *3 (D.N.J. Feb. 9, 2015) (same).  Nevertheless, "a claim for tortious interference with an anticipated inheritance is unavailable when an adequate probate remedy exists." *Cole*, 2016 WL 1242765, at *7 (quoting *Garruto v. Cannici*, 936 A.2d 1015, 1022 (N.J. Sup. Ct. App. Div. 2007)).  Here, like in *Cole*, the injury of which Plaintiff complains is to the Yanz Estate, and any remedies may be obtained in the probate court proceedings.  *See id.* (citing *McDonald*, 2015 WL 519290, at *5 ("Plaintiff requests damages to compensate for the loss of her portion of the expected inheritance.  Should the estate recover the missing funds, Plaintiff, as an heir, will be fully restored to the position that she was in prior to the alleged interference.  The remedies available to Plaintiff in probate court are therefore adequate.")).

Accordingly, Count 1 is dismissed *with prejudice*.

### iii.  Defamation

The Robert Defendants argue that Plaintiff has failed to state a claim for defamation because the Amended Complaint "fails to show in sufficient detail a claim for slander or defamation." (Robert Mov. Br. at 19).  For the following reasons, the Court agrees.

To state a claim for defamation under New Jersey law, "the plaintiff must prove: (1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault." *Taj Mahal*

*Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998). "A defamatory statement is one that is false and injurious to the reputation of another or exposes another person to hatred, contempt or ridicule or subjects another person to a loss of the good will and confidence of others." *Id.*

In his opposition, Plaintiff identifies two paragraphs in his Amended Complaint that "show prima facie evidence of" defamation. (*See* D.E. No. 95 at 24-25) (identifying paragraphs 50 and 54). Plaintiff alleges that Robert and Gruberger "attempted to excuse the exclusion of Plaintiff from Surrogate records with [the] defamatory statement that Plaintiff allegedly had a 'Criminal Record' that would have prevented him from being administrator, which story was a deceptive defamation." (Am. Compl. ¶ 50). Plaintiff also alleges that Robert "furthered his perpetrations of machination and Obstructions of Justice by committing a series of defamation per se and Defamations per quod with falsified stories against Plaintiff to discourage potential witnesses revealing evidence of Robert's machinations." (*Id.* ¶ 54). To that end, Plaintiff alleges that Robert "used his Police Officer influence and Administrator status in acts of 'Color of Law' fraud while committing slanders of Plaintiff to witnesses of Robert's acts, as well as using such numerous times to facilitate his Tortious and Felonious machinations concerning the conversions [of] Decedent's assets and estate." (*Id.*). Plaintiff also alleges that Gruberger referred to Plaintiff "falsely as having a 'criminal record.'" (*Id.*). Finally, Plaintiff alleges that

> [s]everal stories of Defamation per se were encountered including such that the Defendants didn't tell Plaintiff of Fred's death and estate because supposedly Plaintiff 'was in prison for the year'; and then that Plaintiff supposedly drove from Florida with 'ruffians' and vandalized Fred's property by breaking stored windows to 'obtain the aluminum from the frames'; and people had been 'warned' about the Plaintiff.

(*Id.*).

These allegations, without more, fail to state a claim for defamation under New Jersey law. In particular, Plaintiff fails to identify to whom any of the allegedly defamatory statements were made, or any of the attendant circumstances surrounding those statements. *See Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 46 (N.J. 1989) ("In addition to alleging defamatory statements, the complaint must plead facts sufficient to identify the defamer and the circumstances of publication."). Such allegations are insufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Accordingly, Count 7 is dismissed *without prejudice*.

### iv. Plaintiff's claims against Robert's wife

The Robert Defendants argue that all of Plaintiff's claims against Robert's wife should be dismissed because they are insufficiently alleged. The Court agrees. Plaintiff's allegations about Robert's wife are wholly conclusory and devoid of any facts. (*See, e.g.*, Am. Compl. ¶ 68 (alleging that Robert's wife "has continuously been [a] pecuniary indorser [sic] of Robert Anglin's machinations throoughout [sic] the relevant period, as his Fiancee, Wife, and an assisting participant in his wrongful activities and concealments and suppressions, and continuing to this time")).

Accordingly, Plaintiff's claims against Robert's wife in Counts 11, 12, 13, 14, and 17 are dismissed *without prejudice*.

### B. Wilentz Defendants' Motion to Dismiss

### i. Aiding and Abetting

To state a claim for aiding and abetting, a plaintiff must demonstrate "(1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty and (3) a knowing participation in that breach by the defendants who are not fiduciaries." *Scheidt v. DRS Techs., Inc.*, 36 A.3d 1082, 1095 (N.J. Super. Ct. App. Div. 2012). The Wilentz Defendants argue that this claim must be

dismissed because "Plaintiff's sole allegations against [them] derive from their involvement in the administration of the Estate through their role as attorneys for the Estate." (Wilentz Mov. Br. at 15). The Wilentz Defendants argue that they "cannot be alleged to have owed any fiduciary duty to Plaintiff in this regard," so they "cannot be deemed liable for any claim of aiding and abetting." (Wilentz Mov. Br. at 15).

This argument misstates the law. For Plaintiff to state a claim for aiding and abetting against Gruberger, Plaintiff need not establish that Gruberger owed him a fiduciary duty; rather, Plaintiff need only establish that *someone else* owed him a fiduciary duty and that Gruberger knowingly participated in the breach of that duty. *See Scheidt*, 36 A.3d at 1095 (stating that the third element of an aiding-and-abetting claim is "a knowing participation in that breach by the defendants who are not fiduciaries"). Because this is the only basis on which the Wilentz Defendants seek to dismiss Plaintiff's claim for aiding and abetting (*see* Wilentz Mov. Br. at 15; D.E. No. 102 ("Wilentz Reply Br.") at 5-6), the Court denies the Wilentz Defendants' motion to dismiss Count 8.

### ii. Plaintiff's Remaining Claims

*Defamation*. The Wilentz Defendants seek dismissal of Plaintiff's defamation claim against Gruberger. For the reasons discussed above, the Court finds that Plaintiff's defamation claim is insufficiently alleged. As previously stated, Count 7 is dismissed *without prejudice*.

*Malpractice*. To establish a claim for malpractice, a plaintiff must demonstrate "(1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) that the attorney breached the duty owed; (3) that the breach was the proximate cause of any damages sustained; and (4) that actual damages were incurred." *Sommers v. McKinney*, 670 A.2d 99, 103 (N.J. Sup. Ct. App. Div. 1996). Here, Plaintiff's allegations do not give rise to a plausible inference

that he and Gruberger entered into an attorney-client relationship. Indeed, Plaintiff's allegations imply the opposite—that Plaintiff was represented by separate counsel and acted in an adversarial manner vis-à-vis Robert and the Wilentz Defendants. (*See, e.g.*, Am. Compl. ¶¶ 52-53). Accordingly, because Plaintiff appears unable to allege a malpractice claim against the Wilentz Defendants, Count 9 is dismissed *with prejudice*.

*Fraudulent Concealment*. To establish a claim for fraudulent concealment in New Jersey, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009). "The deliberate suppression of a material fact that should be disclosed is viewed as equivalent to a material misrepresentation." *Id.* "New Jersey courts will not imply a duty to disclose in a case alleging a fraudulent concealment." *Id.* And the "question of whether there is a duty to disclose, constituting a fraudulent concealment, is a matter of law." *Id.* Finally, a plaintiff asserting a claim for fraudulent concealment must satisfy the heightened pleading standards under Federal Rule of Civil Procedure 9(b). *Id.*

The Court agrees with the Wilentz Defendants that Plaintiff has failed to allege the Wilentz Defendants were under a duty to disclose anything to Plaintiff. Moreover, Plaintiff has not alleged with sufficient particularity that he detrimentally relied on anything the Wilentz Defendants did or said. Accordingly, Count 12 is dismissed *without prejudice*.

*Equal/Greater Responsibility*. The Wilentz Defendants argue that there is no cause of action for "equal/greater responsibility." (Wilentz Mov. Br. at 16; Wilentz Reply Br. at 6). The Court generally agrees. But, as the Wilentz Defendants correctly note, Plaintiff's opposition

makes clear that he intended to assert a *respondeat-superior* claim against the Wilentz Firm. (*See* Wilentz Reply Br. at 6; *see also* D.E. No. 96 at 11-12).

The Court must liberally construe Plaintiff's *pro se* pleading. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing judges to hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"). As the Third Circuit explained, "[t]his means that we are willing to apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Accordingly, the Court will dismiss Count 10 *without prejudice*. Plaintiff may re-plead this claim under a theory of *respondeat-superior* to the extent such a claim is viable. The Court takes no view at this time whether such a claim is viable against the Wilentz Firm.

***Obstruction of Justice***. The Wilentz Defendants argue that Plaintiff's claim for obstruction of justice lacks factual support and must be dismissed. (Wilentz Mov. Br. at 19). The Court agrees. As the Wilentz Defendants correctly note, "Plaintiff's allegations actually make clear that Plaintiff has not been deprived of any opportunity to challenge the administration of the [Yanz] Estate in any [c]ourt of competent jurisdiction." (*Id.*). Plaintiff's allegations in support of this claim are conclusory and do not raise a plausible inference that the Wilentz Defendants obstructed justice. *See Barthakur v. Olszyk*, No. 16-1995, 2017 WL 507228, at *3 (D.N.J. Feb. 7, 2017) (holding that, to the extent a private right of action for obstruction of justice even exists, the plaintiff's complaint "fails to allege any facts that would support such a claim"). Accordingly, Count 13 is dismissed *without prejudice*.

***Civil Conspiracy***. "In New Jersey, the essential elements of a civil conspiracy are: (1) combination of two or more persons; (2) a real agreement or confederation with a common design;

(3) the existence of an unlawful purpose to be achieved by unlawful means; and (4) special damages." *Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998). A plaintiff "need not provide direct evidence of the agreement between the conspirators; it is enough that it could be circumstantially inferred from the facts that the conspirators had reached an understanding." *Id.* Further, because a civil action for conspiracy is essentially a tort action, a plaintiff must also point to "(1) an overt act of one or more of the conspirators in furtherance of the conspiracy; and (2) consequential damage to the rights of another, of which the overt act is the proximate cause." *Id.* at 497.

The Wilentz Defendants argue that Plaintiff has failed to allege any illicit agreement between them and Robert. (Wilentz Mov. Br. at 20-21). They also argue that, to the extent Plaintiff derives an illicit agreement from the Wilentz Defendants' representation of Robert, such a claim is foreclosed by the Third Circuit's decision in *Heffernan v. Hunter*, 189 F. 3d 405, 411-14 (3d Cir. 1999). (Wilentz Reply Br. at 10-11). The Court agrees with the Wilentz Defendants and finds that Plaintiff has failed to state a claim for civil conspiracy against them. Like Plaintiff's claim for obstruction of justice, Plaintiff's civil-conspiracy claim consists almost entirely of legal conclusions and vague, unsupported allegations. Accordingly, the Court need not reach the Wilentz Defendants' second argument that Plaintiff's claim is foreclosed under *Heffernan*. Thus, Count 14 is dismissed *without prejudice*.

***Section 1983***. The Wilentz Defendants argue that Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed because Plaintiff has not sufficiently alleged that the Wilentz Defendants "deprived Plaintiff of a right secured by the U.S. Constitution, and critically, did so while acting under color of state law." (D.E. No. 93).[4] The Court agrees. In particular, the Court finds that

---

[4] After Plaintiff filed his initial opposition to the Wilentz Defendants' motion to dismiss, the Court ordered Plaintiff to re-file his opposition to comport with this District's Local Civil Rules. (D.E. No. 91). Before Plaintiff re-

Plaintiff has not sufficiently alleged that the Wilentz Defendants were acting under color of state law at any relevant time. Accordingly, because Plaintiff appears unable to allege a § 1983 claim against the Wilentz Defendants, Count 16 is dismissed *with prejudice*.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part the Robert Defendants' and the Wilentz Defendants' motions to dismiss.

The Court dismisses the following causes of action *with prejudice*: Count 1 (tortious interference with inheritance against Robert); Count 9 (malpractice against Gruberger); and Count 16 (civil rights violations against the Wilentz Defendants).

The Court dismisses the following causes of action *without prejudice*: Count 7 (defamation against Robert and Gruberger); Count 10 (equal/greater responsibility against the Wilentz Firm); Count 11 (aiding and abetting against Robert's wife); Count 12 (fraudulent concealment against Robert's wife and the Wilentz Defendants); Count 13 (obstruction of justice against Robert's wife and the Wilentz Defendants); Count 14 (civil conspiracy against Robert's wife and the Wilentz Defendants); and Count 17 (civil rights violations against Robert's wife).

The following causes of action remain: Count 2 (breach of fiduciary duty against Robert); Count 3 (fraud against Robert); Count 4 (conversion against Robert); Count 5 (embezzlement against Robert); Count 6 (unjust enrichment); Count 8 (aiding and abetting against Gruberger); Count 12 (fraudulent concealment against Robert); Count 13 (obstruction of justice against

---

filed his motion, the Wilentz Defendants submitted a letter stating that their motion "inadvertently omitted reference to Plaintiff's Section 1983 Civil Rights claim." (D.E. No. 93). The letter also included arguments supporting dismissal of that claim. (*See id.*). The Court then granted Plaintiff an extension of time to re-file his opposition and instructed Plaintiff to include in his opposition a response to the Wilentz Defendants' § 1983 arguments. (D.E. No. 94).

Robert); Count 14 (civil conspiracy against Robert); and Count 15 (civil rights violations against Robert).

An appropriate Order accompanies this Memorandum.

> *s/Esther Salas*
> **Esther Salas, U.S.D.J.**