Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSEPH LAMAR ANGLIN,

      Plaintiff,

      v.

ROBERT MATTHEW ANGLIN, *et al.*,

      Defendants.

Civil Action No. 16-4049 (ES) (JAD)

OPINION

SALAS, DISTRICT JUDGE

Before the Court is *pro se* plaintiff Joseph Lamar Anglin's ("Plaintiff") appeal of the Honorable Magistrate Judge Joseph A. Dickson's (the "Magistrate Judge") October 16, 2019 Order staying federal proceedings (D.E. No. 269 (the "Stay Order")). (D.E. Nos. 273 & 275).[1] Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed R. Civ. P. 78(b); L. Civ. R. 78.1(b). As set forth below, the Court DENIES Plaintiff's appeal and AFFIRMS the Stay Order.

### I.    Background

Plaintiff, who is first cousin to decedent Frederick Joseph Yanz, sues defendants Robert Anglin, Christan Anglin, Edwin Leavitt-Gruberger, and Willentz Goldman & Spitzer, P.A. (collectively, "Defendants") for unlawfully removing assets from Yanz's estate (the "Estate").

---

[1] Plaintiff filed this motion as a motion to reconsider, which normally would indicate that the motion is a request for the deciding judge to reconsider his or her own decision. L. Civ. R. 7.1(i). Plaintiff subsequently filed an amendment to his motion, which he addressed to the Undersigned. (D.E. No. 275). Given Plaintiff's *pro se* status, the Court sought clarification as to whether he intends his motion to be one for reconsideration, or if he seeks to appeal the Magistrate Judge's Stay Order. (D.E. No. 278). In a letter dated November 20, 2019, Plaintiff indicated that his motion "is indeed a motion to reconsider," but also stated that he "requests that the motion be heard by [the Undersigned]." (D.E. No. 280 at 1). Thus, the Court construes Plaintiff's motion as an appeal to the Undersigned.

(*See generally* D.E. No. 125).  Defendant Robert Anglin is the administrator of the Estate, which is being probated in New Jersey Superior Court.  (*Id.* at 2; Stay Order at 1).  On May 22, 2019, Defendants moved to stay the instant action pending the resolution of the probate matter in state court.  (*See generally* D.E. No. 231).  Defendants stated that a formal accounting report of the Estate will be submitted to the state probate court upon its completion, which will provide an official inventory of the Estate's assets.  (*Id.* at 2–3).  Defendants argued that a formal accounting report is necessary for the adjudication of Plaintiff's claims in the federal action.  (*Id.*).  The Magistrate Judge granted Defendants' motion to stay proceedings, concluding that "the relevant factors weigh in favor of staying this case pending resolution of the related probate matter in the New Jersey Superior Court."  (Stay Order at 6).  Plaintiff now appeals the Magistrate Judge's Stay Order.  (D.E. Nos. 273 & 275; *see also* D.E. Nos. 284 & 285).

## II.    Legal Standards

"Appeals from the orders of magistrate judges are governed by Local Civil Rule 72.1(c)." *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013).  The standard by which a magistrate judge's decision must be reviewed depends on whether the issue addressed was dispositive or non-dispositive.  *Id.*  Plaintiff claims that the Stay Order addresses a dispositive issue.  (D.E. No. 273 at 7).  However, a magistrate judge's decision regarding case management is non-dispositive under 28 U.S.C. § 636(b)(1)(A). *Schiano v. MBNA*, No. 05-1771, 2009 WL 1416040, at *2 (D.N.J. May 19, 2009).  And Local Civil Rule 72.1(a)(3)(A) categorizes motions to expedite or postpone the trial of cases as civil case management.  L. Civ. R. 72.1(a)(3)(A).

On appeal of a non-dispositive order, a district court may modify or set aside a magistrate judge's order if the ruling was clearly erroneous or contrary to law.  *Eisai Co., Ltd. v. Teva Pharm.*

*USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009).  On a non-dispositive motion, a magistrate judge's legal conclusions will be reviewed *de novo*, *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006), but a magistrate judge's decision on discretionary matters is entitled to great deference and reversible only if the magistrate judge has abused his or her discretion.  *Eisai*, 629 F. Supp. 2d at 433–34; *see also Hartford Life*, 237 F.R.D. at 547–48 (holding that the district court shall not reverse the magistrate judge's decision even when the district court judge may have decided the matter differently).  "An abuse of discretion may be found where the [magistrate] judge's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  *Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, No. 11-5474, 2013 WL 3417416, at *2 (D.N.J. July 8, 2013) (alteration in original) (internal quotation marks omitted).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

## III.    Analysis

As a preliminary matter, Plaintiff repeatedly states that no related state court action exists (*see, e.g.*, D.E. No. 273 at 3; D.E. No. 275 at 2), and he has updated the Court since the Stay Order indicating that Defendants have "even today still failed to file any [s]tate [c]ourt [a]ction" (D.E. No. 284 at 2).  Along these same lines, Plaintiff argues that there are "jurisdictional issues" with the Stay Order because Defendants have "made it clear in their filings concerning the matter that they intend to have the [s]tate [c]ourt adjudicate Plaintiff's claims which are in Federal jurisdiction."  (D.E. No. 273 at 6).  Although it is not entirely clear, it appears that Plaintiff interprets the Stay Order as requiring Defendants to file a new action in state court to adjudicate the very claims that are before this Court.  Even if that is what Defendants intend, that is not what

the Stay Order achieves.  Rather, the claims pending before this Court are stayed "pending resolution of the related ***probate matter*** in [state court]."  (Stay Order at 6 (emphases added)).  Thus, Plaintiff's claims over which this Court has jurisdiction remain before this Court and will be adjudicated once the stay is lifted.  (*Id.* at 3 (indicating that the stay would temporarily halt the instant proceedings and that "Plaintiff's claims in this case would resume, presumably guided by the formal accounting of Mr. Yanz's estate")).

With that backdrop, the Magistrate Judge's decision to stay the proceedings pending resolution of the state probate matter was not erroneous or contrary to law.  Courts possess the inherent discretion to stay proceedings whenever the "interests of justice" mandate such action.  *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014).  The decision to stay proceedings requires an exercise of judgment, requiring courts to weigh the competing interests and hardships with respect to the movant and the non-movant.  *Id.* at 446.  As the Magistrate Judge noted, courts generally weigh competing interests and hardships by considering the following factors in determining whether to grant a stay: (i) whether the stay would unduly prejudice or present a clear disadvantage to the non-moving party; (ii) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (iii) whether a stay would simplify the issues of the case; and (iv) whether discovery is complete and/or a trial date has been set.  *Id.* (collecting cases).

In applying this standard, the Magistrate Judge did not make any "clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  *See Cephalon, Inc.*, 2013 WL 3417416, at *2.  Specifically, the Magistrate Judge found that *Akishev* factors (i) and (iii) weighed in favor of a stay, and that factors (ii) and (iv) were neutral to the stay determination.  (Stay Order at 3–6).  In making this decision, the Magistrate Judge adequately considered many of the arguments Plaintiff now raises in his appeal, including: (i) whether the Stay Order will cause

unnecessary delay;[2] (ii) whether the Stay Order restricts more actions than are necessary; (iii) the status of the state court proceedings; (iv) the relation of the Estate accounting and discovery in the federal action; and (v) whether the Stay Order prejudices Plaintiff.  (*See generally* D.E. Nos. 273 & 275; Stay Order at 4–5).  The Magistrate Judge's consideration of these matters is entitled to great deference,[3] *Eisai*, 629 F. Supp. 2d at 433–34, and Plaintiff fails to show that the Magistrate Judge abused his discretion in analyzing these considerations and granting the stay.

Plaintiff raises some additional arguments that do not fit neatly into the applicable analysis of the stay factors.  For example, Plaintiff argues that the Magistrate Judge employed "improper circular reasoning," and that the Magistrate Judge "mistakenly agree[d] with a pre-supposed legal conclusion of the [d]efense in justifying [the Stay Order]."  (D.E. No. 275 at 1 & 3).  But these arguments, at best, invite the Court to disagree with the Magistrate Judge's findings, and do not demonstrate how the Stay Order is clearly erroneous or contrary to law.  *See Andrews*, 191 F.R.D. at 68.  Plaintiff also alleges that the Magistrate Judge was biased against Plaintiff due to Plaintiff's status as a *pro se* plaintiff.  (D.E. No. 275 at 4–6).  As the Supreme Court established, "judicial rulings alone almost never constitute a valid basis for a bias [] motion . . . and can only in the rarest of circumstances evidence a degree of favoritism or antagonism . . . ."  *Liteky v. United States*, 510

<hr>

[2]     With respect to delay, Plaintiff argues that the Stay Order is "very unspecific in the objective and in time frame allowed."  (D.E. No. 273 at 3).  But the Magistrate Judge indicated that the case is stayed "pending resolution of the related probate matter in [state court]."  (Stay Order at 6).  The decision to stay proceedings in one suit until the decision of another suit "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Court finds no error in the objective and time frame of the Stay Order.

[3]     Plaintiff argues that he was not able to raise these arguments previously because the Magistrate Judge rejected the Defendants' rationale for the stay and made a "*sua sponte*" determination on the relevant law.  (D.E. No. 273 at 3 & 6).  To the extent Plaintiff challenges the propriety of the Magistrate Judge's reliance legal grounds not raised by the parties, the Court finds no issue, considering the court's inherent power to control the disposition of its cases. *Landis*, 299 U.S. at 254.  In any event, it is within the Court's discretion—and by extension, the Magistrate Judge's discretion—to *sua sponte* stay proceedings pending the outcome of state court proceedings.  *Landmark Am. Ins. Co. v. Rider Univ.*, No. 08-1250, 2010 WL 4063199, at *9 (D.N.J. Oct 15, 2010); *Vanderwerff v. Quincy Biosci. Holding Co., Inc.*, No. 17-0784, 2018 WL 6243040, at *4 (D.N.J. Nov. 28, 2018).

U.S. 540, 555 (1994).  Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias [] motion . . . ."  *Id.*  Here, Plaintiff has failed to provide evidence of bias on the part of the Magistrate Judge that "reveal[s] an opinion that derives from an extrajudicial source," or "reveal[s] such a high degree of favoritism or antagonism as to make fair judgment impossible."  *See id.*  Accordingly, Plaintiff's allegations "appear to have no basis other than his displeasure with the Magistrate Judge's ruling[]," *In re Brown*, 696 F. App'x 600, 601 n.2 (3d Cir. 2017), and any bias argument is without merit.

In sum, Plaintiff has not provided the Court with any reason to conclude that the Stay Order is clearly erroneous or contrary to law, and the appeal must be denied.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's appeal is DENIED and the Stay Order is AFFIRMED. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**