<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH LAMAR ANGLIN, | |
| Plaintiff, | Case No. 2:16-cv-04049 (BRM) (JSA) |
| v. | **OPINION** |
| ROBERT MATTHEW ANGLIN, *et al.*, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Joseph Lamar Anglin's ("Plaintiff") appeal[1] of the Honorable Jessica S. Allen, U.S.M.J.'s August 22, 2022 Letter Order (the "Order"), directing Plaintiff to appear for a continued deposition. (ECF No. 424.) Defendants Wilentz, Goldman & Spitzer, PA and Edwin Leavitt-Gruberger, Esq. (collectively, the "Wilentz Defendants") oppose the appeal.[2] (ECF No. 426.) Having reviewed the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's appeal is **DENIED**, and Judge Allen's Order is **AFFIRMED**.

---

[1] Plaintiff's motion asked the undersigned to "reconsider" Judge Allen's decision. However, because the request to review the underlying decision was addressed to the undersigned, the Court construes the motion as an appeal.

[2] The Wilentz Defendants filed a single letter (ECF No. 426), which both opposed this appeal and responded to Plaintiff's letter request to extend the deadline for continuation of his deposition pending the appeal (ECF No. 425.) The Wilentz Defendants incorporate the arguments set forth in their submission to Judge Allen on the underlying issue, which was joined by Defendants Robert Matthew Anglin and Christin Anglin (collectively, the "Anglin Defendants") (together with the Wilentz Defendants, "Defendants"). (ECF No. 416.) The Anglin Defendants have not otherwise responded to Plaintiff's appeal.

## I.   BACKGROUND

The extensive factual and procedural background of this matter is well known to the parties. Therefore, the Court includes only the facts and procedural background relevant to this appeal.

Since February 19, 2021, Magistrate Judge Allen has presided and continues to preside over the discovery issues between the parties in this matter. In a May 31, 2022 order, Judge Allen extended the deadline for Plaintiff's deposition from May 24, 2022 to June 17, 2022 (ECF No. 414), after making multiple efforts to direct the deposition's scheduling over the course of litigation (*see* ECF Nos. 357, 368, 371, 373, 375, 377, 379, 381, 383, 390, 393-94, 397, 401 and 411.) The parties scheduled Plaintiff's deposition for June 16, 2022. (ECF. No. 422.)

Plaintiff filed a letter objecting to defense counsel's postponement of Plaintiff's scheduled deposition time on June 16, 2022, from 9:00 a.m. to 11:00 a.m.[3] (ECF No. 415.) Plaintiff explained the delayed start time of his deposition was due to a hearing scheduled by a state court judge in a related probate action, to which Plaintiff was also a party. (ECF No. 415.) However, Plaintiff contended defense counsel, without his knowledge or consent, agreed to the postponement, as well as to split Plaintiff's deposition into two separate days if his testimony did not conclude in one. (ECF No. 415.) He argued this was pre-planned and an arranged surprise attack. (ECF No. 415.) In Plaintiff's letter to the Court, he preemptively argued he should not be compelled to appear for a second day of depositions as it would result in his grave disadvantage. (ECF No. 415.)

Plaintiff's deposition proceeded on June 16, 2022, at 11:00 a.m. (ECF No. 422.) At or around 5:00 p.m., Defendants sought an agreement to continue Plaintiff's testimony on a later date, but Plaintiff objected. (ECF No. 422.) On June 17, 2022, Defendants collectively filed a joint

---

[3] Plaintiff's letter is dated June 15, 2022, but was entered on June 16, 2022, the date of Plaintiff's deposition.

response to Plaintiff's letter, and further requested the Court grant additional time to conduct and complete Plaintiff's deposition. (ECF No. 416.) In addressing Plaintiff's allegations, Defendants argued that the Probate Court unilaterally scheduled oral argument on an application made by Plaintiff, without the involvement of defense counsel, for the same date and time as Plaintiff's deposition. (ECF No. 416.) Defense counsel claimed they made a professional accommodation by delaying Plaintiff's deposition until 11:00 a.m. (ECF No. 416.) Because Plaintiff's deposition had to be postponed, but was still scheduled to end at 5:00 p.m., defense counsel reserved their right to continue the testimony thereafter, if needed. (ECF No. 416.)

Because of Plaintiff's objection to the continuation of his deposition, Defendants requested that the Court grant additional time to complete Plaintiff's testimony. (ECF No. 416.)  In addition to the belated start time of the deposition, Defendants also complained of delays caused by Plaintiff's refusal to answer various questions relating to his causes of action. (ECF No. 416.) Plaintiff filed a reply on June 20, 2022, opposing Defendants' request. (ECF No. 418.)

Judge Allen entered an Order on August 22, 2022, granting additional time to complete Plaintiff's testimony. (ECF No. 422.) Judge Allen determined the delay of Plaintiff's deposition was due to a scheduling conflict with the Probate Court, and not the fault of any party. (ECF No. 422.) As such, Judge Allen found the parties' submissions did not support that the two-hour postponement of Plaintiff's deposition was motivated by the creation of an unfair litigation advantage in favor of the defense, as alleged by Plaintiff. (ECF No. 422.) Further, Judge Allen found defense counsel was permitted to question Plaintiff about his claims. (ECF No. 422.) She further determined defense counsel's questions regarding Plaintiff's discovery responses were properly posed and should have been answered by Plaintiff, subject to his objections raised, consistent with Federal Rule of Civil Procedure 30(c)(2). (ECF No. 422.) Accordingly, Judge

Allen ruled defense counsel's conduct during the course of Plaintiff's testimony did not unnecessarily delay the deposition. (ECF No. 422.)

Ultimately, Judge Allen held, in pertinent part:

> [A]dditional time to complete Plaintiff's deposition, consistent with Rule 26(b)(1) and (2), is needed. Accordingly, Defendants' request to order the continuation of Plaintiff's deposition is GRANTED, pursuant to Rule 30(d). However, the Court will order Plaintiff's deposition be continued for up to four (4) additional hours to take place on one (1) day. The continued deposition shall be completed on or before September 22, 2022.

(ECF No. 422.)

Plaintiff filed this appeal of Judge Allen's Order on September 10, 2022, requesting this Court deny Defendants additional time to complete Plaintiff's deposition, or alternatively, to limit the deposition to only the time remaining of the seven statutory hours. (ECF No. 424.) Plaintiff claimed his appeal was filed under distress, given that his further deposition was imminently approaching on September 14, 2022. (ECF No. 424.) Plaintiff further recognized his appeal was untimely, but asked this Court to consider the request, citing unexpected disruptive living circumstances. (ECF No. 424.)

On September 13, 2022, Plaintiff filed a letter requesting the deposition deadline be extended from September 14, 2022, given the pending appeal. (ECF No. 425.) The Wilentz Defendants responded on September 19, 2022, advising they had no objection to the Court staying Plaintiff's deposition. (ECF No. 426.) Wilentz Defendants also advised of their opposition to Plaintiff's appeal, relying upon the arguments set forth in their prior submission to Judge Allen. (ECF No. 426.) By text order on September 20, 2022, the Court granted Plaintiff's unopposed

request to stay the court-ordered deposition deadline of September 22, 2022, pending the outcome of this appeal.[4] (ECF No. 427.)

## II.    LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days" and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

"A discovery order is generally considered to be non-dispositive." *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left

---

[4] As Plaintiff's continued deposition has been stayed pending the outcome of this appeal, this Court need not address Plaintiff's contention that the issues herein are "emergent."

with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

"Where the appeal seeks review of a matter within the exclusive authority of the [m]agistrate [j]udge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006) (citations omitted); *see also, Callas v. Callas*, Civ. A. No. 147486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. A. No. 15-3271, 2018 WL 3993449, at *4 (D.N.J. Aug. 21, 2018) (same). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" *Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III.   DECISION

Plaintiff argues Judge Allen improperly granted Defendants' request for additional time to take Plaintiff's deposition. (ECF No. 424.) Specifically, Plaintiff contends Judge Allen gave too

6

much weight to Defendants' explanation as to why Plaintiff's deposition was delayed and incomplete. (ECF No. 424.) Instead, Plaintiff emphasizes to the Court that, despite the initial two-hour postponement, Defendants voluntarily ended the deposition at 5:16 p.m., without legitimate reason, when Plaintiff requested and intended to continue. (ECF No. 424.) Plaintiff submits his testimony could have concluded on June 16, 2022, had the defense not chosen to end the deposition early and, therefore, Defendants should not be awarded additional time. (ECF No. 424.) Indeed, Plaintiff argues Federal Rule of Civil Procedure 30(c)(2) compels Defendants to proceed with the deposition despite their objections to Plaintiff's responses. (ECF No. 424.) In essence, Plaintiff submits that ending the deposition early was a choice made by Defendants to waive the remainder of the time. (ECF No. 424.)

Alternatively, because the deposition lasted from 11:00 a.m. to 5:16 p.m., Plaintiff contends any additional time granted by the Court should be limited to no more than the forty-four minutes, or, if treating the deposition end time as 5:00 p.m., one hour, of the remaining of the seven statutory hours. (ECF No. 424.) Without this limitation, Plaintiff argues Defendants will improperly receive two days of deposition time, totaling over ten hours, contrary to the limitations set forth in Fed. R. Civ. P. 30(d)(1). (ECF No. 424.)

Further, Plaintiff alleges defense counsel mislead, intimidated, and harassed him during the deposition on June 16, 2022, with the intention of obtaining deposition time beyond that allowable. (ECF No. 424.) He contends defense counsel abused the deposition process and took advantage of Plaintiff's *pro se* status, specifically by repeatedly refusing to accept Plaintiff's legitimate answers to questions. (ECF No. 424.) Therefore, Plaintiff submits Defendants should not be given additional time to depose Plaintiff when the delays were due to opposing counsel's own misconduct. (ECF No. 424.)

In opposition, the Wilentz Defendants incorporated their arguments from Defendants' June 17, 2022 letter to Judge Allen.[5] (ECF No. 416.) In the letter, the Wilentz Defendants explained Plaintiff repeatedly refused to answer basic questions about allegations in his Complaint and the thousands of pages Plaintiff produced in discovery. (ECF No. 416.) Plaintiff attempted to call the Court to address his objections, including over the course of a forty-minute lunch break, but was unable reach the judge. (ECF No. 416.) After offering some testimony subject to his objections, the Wilentz Defendants claimed Plaintiff continued to refuse to answer basic questions, severely cutting into the limited time allotted for his testimony. (ECF No. 416.) Given the initial delay of Plaintiff's deposition, as well as the other delays encountered during Plaintiff's testimony, the Wilentz Defendants requested sufficient additional time to complete Plaintiff's questioning. (ECF No. 416.)

 Parties have fourteen days after being served with a copy of a magistrate judge's order to appeal from a magistrate judge's determination on a non-dispositive issue. L.Civ.R. 72.1(c)(1)(A). Judge Allen's Order was entered and mailed to Plaintiff on August 22, 2022 (ECF No. 422), and Plaintiff admittedly received the Order on August 26, 2022 (ECF No. 424.) However, Plaintiff filed this appeal over fourteen days later, on September 10, 2022, citing a disruption in his living circumstances. (ECF No. 424.) Despite Plaintiff's appeal being untimely pursuant to Local Civil Rule 72.1(c)(1)(A), the court will consider the appeal on the merits.

The Court finds Judge Allen's Order, granting Defendants' request to continue Plaintiff's deposition on one day for up to four additional hours, does not constitute an abuse of discretion.

---

[5] The Wilentz Defendants included: "As to the substance of Plaintiff's motion, Plaintiff's motion should be denied as Judge Allen properly exercised sound discretion in granting Defendants' application for relief and providing a limited continuation of Plaintiff's deposition. The merits upon which Defendants rely remains set forth at its prior submission." (ECF No. 426.)

*See Schmidt v. Mars, Inc.*, Civ. A. No. 09-3008, 2011 WL 2421241, at *3 (D.N.J. June 13, 2011) (finding the plaintiff's appeal of a magistrate judge's discovery order untimely but considering the appeal on the merits nevertheless). While depositions are generally limited to one day of seven hours, pursuant to Rule 30(d)(1), "[t]he court *must* allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1) (emphasis added). Rule 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," including the number and length of depositions. Fed. R. Civ. P. 26(b)(1), (2).

Judge Allen, in her discretion, determined that the circumstances surrounding the delays in starting and completing Plaintiff's deposition warranted further time in the amount of four additional hours. This determination is supported by the submissions of the parties, which cite both a two-hour delay, due to a scheduling conflict with a related probate action, to the start of Plaintiff's deposition on June 16, 2022, as well as various delays during Plaintiff's testimony caused by disagreements regarding the permissible scope of the questions. Judge Allen properly exercised her discretion, pursuant to Rule 30(d)(1) and consistent with Rule 26(b)(1), to allow additional time for Defendants to fairly examine Plaintiff and to obtain non-privileged discovery relevant to Plaintiff's claims.

Plaintiff's mere disagreement with the Magistrate Judge's determination is not grounds for appealing her Order. *See P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (holding a mere "disagreement with the Court's decision" will not suffice for reconsideration). Even if this Court would have decided the issue differently, it cannot substitute its judgment for that of the Magistrate Judge, because "[w]here there are two permissible views of

the evidence, the factfinder's choice between them cannot be clearly erroneous." *See Waterman*, 755 F.3d at 174 (quoting *Anderson*, 470 U.S. at 574). Certainly, the Court is not "left with the definite and firm conviction that a mistake has been committed." *See Dome Petroleum*, 131 F.R.D. at 65 (quoting *U.S. Gypsum*, 333 U.S. at 395). Accordingly, the Court finds Judge Allen's granting of Defendants' request for continuation of Plaintiff's deposition, was not an abuse of discretion.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's appeal is **DENIED**, and the Honorable Jessica S. Allen, U.S.M.J.'s August 22, 2022 Order is **AFFIRMED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  October 12, 2022