<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSEPH LAMAR ANGLIN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MATTHEW ANGLIN, *et al*.,<br><br>Defendants. | Case No. 2:16-cv-04049 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are *pro se* Plaintiff Joseph Lamar Anglin's ("Plaintiff") appeals (ECF Nos. 487, 488, 496, 503) of several orders entered by the Honorable Jessica S. Allen, U.S.M.J.: (1) May 3, 2023 Order (ECF No. 472); (2) May 4, 2023 Order (ECF No. 473); (3) May 25, 2023 Order (ECF No. 491); and (4) June 22, 2023 Order (ECF No. 499). Defendants Christian Anglin and Robert Anglin ("Anglin Defendants") filed an opposition (ECF No. 493) to one of Plaintiff's appeals (ECF No. 488). Defendants Wilentz Goldman & Spitzer, P.A. ("WGS") joined in Anglin Defendants' opposition. Having reviewed the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's appeals are **DENIED**, and Judge Allen's Orders are **AFFIRMED**.

## I.    BACKGROUND

The extensive factual and procedural background of this matter is well known to the parties. In the interest of judicial economy, the Court includes only the facts and procedural background relevant to this appeal.

**A.     The May 3, 2023 Order**

On March 9, 2023, Plaintiff filed a letter requesting Judge Allen reopen discovery, arguing that good cause exists because "[n]ew evidences and new evidence sources have emerged after discovery actions or discovery closing" and "a new claim has been added which has not been allowed discovery." (ECF No. 459 at 1.) On May 3, 2023, Judge Allen filed a letter order denying Plaintiff's request, finding good cause did not exist because Judge Allen previously extended the discovery deadline multiple times after the new claim had been added, and the parties had ample opportunity for discovery throughout the five years since the case was filed. (ECF No. 472 at 3.) On May 17, 2023, Plaintiff appealed Judge Allen's Order and set forth similar arguments to his original letter. (ECF No. 488.) On May 25, 2023, Anglin Defendants filed an opposition to the appeal. (ECF No. 493.)

**B.     The May 4, 2023 Order**

On April 6, 2023, Plaintiff moved for an entry of default against Defendant Edwin Leavitt-Gruberger "on the claim of fraud." (ECF No. 465.) On May 4, 2023, Judge Allen filed an order denying Plaintiff's motion and commented  this was Plaintiff's fifth request for an entry of default against Defendant Edwin Leavitt-Gruberger and  the court had previously instructed Plaintiff "not to file any further requests for entry of default against Leavitt-Gruberger[.]" (ECF No. 473 at 1.) On May 17, 2023, Plaintiff appealed Judge Allen's order arguing that "[t]he Magistrates [sic] Order appears to be outside of Magistrate [sic] authority[.]" (ECF No. 487 at 1.)

**C.     The May 25, 2023 Order**

On May 12, 2023, Plaintiff again moved to extend expert discovery deadlines, reopen discovery, and filed an "Emergent Motion Concerning Adjournment of the End of Fact

Discovery." (ECF Nos. 475, 477, 489.) On May 25, 2023, Judge Allen denied each of Plaintiff's requests finding that Plaintiff's request to extend expert discovery deadlines was untimely. Judge Allen also construed Plaintiff's request to reopen discovery as a motion for reconsideration[1]. (*Id.*) On June 8, 2023, Plaintiff appealed Judge Allen's order. (ECF No. 496.)

### D.      The June 22, 2023 Order

On June 19, 2023, WGS requested that the deadline to file summary judgment motions be extended from June 30, 2023, to July 31, 2023, due to the numerous pending applications filed by Plaintiff. (ECF No. 497.) On June 22, 2023, Judge Allen granted WGS's request and ordered that any motions for summary judgment must be filed by July 31, 2023. (ECF No. 499.) On July 6, 2023, Plaintiff appealed Judge Allen's order. (ECF No. 503.)

## II.    LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days" and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

"A discovery order is generally considered to be non-dispositive." *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the

---

[1] Judge Allen also denied Plaintiff's "Emergent Motion Concerning Adjournment of the End of Fact Discovery" as moot in light of her findings regarding his request to reopen discovery. (ECF No. 491.)

magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterprets or misapplies applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

"When the appeal 'seeks review of a matter within the purview of the magistrate judge, such as fact-finding in a discovery dispute, an even more deferential standard, the "abuse of discretion" standard, must be applied.'" *Sabinsa Corp. v. HerbaKraft, Inc.*, Civ. A. No. 14-04738, 2020 WL 1503061, at *4 (D.N.J. Mar. 30, 2020); *see also Callas v. Callas*, Civ. A. No. 147486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. A. No. 15-3271, 2018 WL 3993449, at *4 (D.N.J. Aug. 21, 2018) (same). "An

abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" *Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III. DECISION

### A.      The May 3, 2023 Order

Plaintiff sets forth nearly identical arguments in the appeal of Judge Allen's May 3, 2023 Order, as in his initial motion to reopen discovery. (ECF Nos. 459, 488.) Plaintiff argues discovery should be reopened because he has recently become aware of new evidence that could potentially be relevant for his case. (ECF No. 488 at 1.) Anglin Defendants oppose the appeal arguing that Plaintiff has set forth "no new information or case law that contradicts Judge Allen's" order. (ECF No. 493 at 1.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In other words, a district court may modify the discovery schedule, at its discretion, upon a showing of good cause by either party. *Porcaro v. Nexel Indus., Inc.*, Civ. A. No. 17-2573, 2022 WL 4233836, at *4 (D.N.J. Sept. 14, 2022). However, "[d]iscovery must have an end point, and the decision to cut off discovery is committed to the management skills of the district court." *J.G. v. C.M.*, Civ. A. No. 11-2887, 2014 WL 1652793 at *2 (D.N.J. Apr. 23, 2014) (quoting *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011)). The district court has broad discretion to manage discovery, and a district court judge may designate "a magistrate judge to hear and determine any pretrial matter pending before the court except [pretrial matters not relevant here]." 28 U.S.C. § 636(b)(1)(A); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).

Accordingly, a magistrate judge acts with the authority of the district court when carrying out the duties assigned by the district court, including those related to discovery and scheduling. *Peretz v. U.S.*, 501 U.S. 923, 938 (1991); 28 U.S.C. § 636(a); L.Civ.R. 72.1(a)(3).

The Court finds Plaintiff's appeal lacks merit, because the May 3, 2023 order does not constitute an abuse of discretion. Nothing in the record indicates that Judge Allen's order denying Plaintiff's request to reopen discovery was "arbitrary, fanciful or unreasonable." *Ebert*, 2016 WL 6778217, at *2. Judge Allen has previously granted multiple discovery extension requests and found that the parties have had ample opportunity to engage in discovery. (*See* ECF Nos. 371, 373, 373, 387, 393–94, 397, 401, 411.) Additionally, Plaintiff sets forth no new arguments in the appeal and merely voices a general disagreement with Judge Allen's order. Such disagreement cannot alone serve as the basis for reversal. *See Simmons v. Gilmore*, Civ. A. No. 17-996, 2019 WL 2743954 at *2 (W.D. Pa. July 1, 2019). Accordingly, Plaintiff's appeal (ECF No. 488) is **DENIED**, and Judge Allen's May 3, 2023 Order (ECF No. 472) is **AFFIRMED**.

### B.     The May 4, 2023 Order

Plaintiff argues that Judge Allen exceeded her authority by denying his fifth request for an entry of default against Defendant Edwin Leavitt-Gruberger because a motion for default is a dispositive motion and outside of the scope of magistrate authority. (ECF No. 487 at 2.) Additionally, Plaintiff contends Judge Allen confused his arguments and improperly imposed procedural requirements on him. (*Id.* at 2–3.)

An entry of default is not dispositive for purposes of magistrate authority. *See Ecopetrol, S.A. v. Cont'l Elec. Motors, Inc.*, Civ. A. No. 21-3031, 2022 WL 18620635, at *2 n.2 (D.N.J. Nov. 22, 2022); *see also Home Box Office, Inc. v. Tel-A-View Elecs., Corp.*, Civ. A. No. 86-1491, 1986 WL 12768, at *1 (E.D. Pa. Nov. 7, 1986) (rejecting contention "that the clerk's entry of default is

dispositive" and noting that "[a]n entry of default is not a default judgment"). While a clerk typically enters default, a magistrate judge has the authority to set aside the clerk's entry. *Id.* Therefore, it was within the scope of Judge Allen's authority to address Plaintiff's motion.

Plaintiff contends the "Magistrate's Order presented arguments that the defendants did not themselves submit in defending against the relevant Motion." (ECF No. 487 at 3.) It is unclear to the Court which arguments Plaintiff refers to as the May 4, 2023 Order does not refer to any arguments and instead explains and applies the applicable law. (ECF No. 473.)

Plaintiff also argues that the May 4, 2023 Order imposes new procedural requirements and "appears to have created new procedures for case consolidation which are not found in rules or [sic] law or case law." (ECF No. 487 at 3.) It is unclear to the Court what alleged new requirements Plaintiff refers to as he fails to cite to a specific portion of the May 4, 2023 Order. The May 4, 2023 Order does not impose any new "procedural requirements" on Plaintiff and instead explains and applies the applicable law. (ECF No. 473.)

Accordingly, Plaintiff has failed to show that the May 4, 2023 Order was clearly erroneous, or contrary to law. Plaintiff's appeal (ECF No. 487) is therefore **DENIED**, and Judge Allen's May 4, 2023 Order (ECF No. 473) is **AFFIRMED**.

### C.    The May 25, 2023 Order

Plaintiff argues Judge Allen improperly construed his motion (ECF No. 477) as one for reconsideration because Plaintiff's previous request to reopen discovery (ECF No. 459) requested a different form of discovery to be reopened. (ECF No. 496 at 2.) Plaintiff also objects to Judge Allen's decision-making process for resolving discovery disputes. (*Id.* at 3 ("Magistrate has been justifying discovery decisions on an inapplicable concept of proportionality.").)

Regardless of a party's reason for requesting a reopening of discovery, "[t]he decision whether to reopen discovery is committed to the sound discretion of the district court." *Porcaro*, 2022 WL 4233836, at *4. A motion may be properly construed as a motion for reconsideration under Rule 59(e) where "it raises no new arguments and its purpose is clearly to 'relitigate the original issue[.]'" *Hazel v. Smith*, 190 F. App'x 137, 138 (3d Cir. 2006).

The Court finds that Plaintiff's motion (ECF No. 477) "raises no new arguments and its purpose is clearly to 'relitigate the original issue'" of reopening discovery and therefore was properly construed as a motion for reconsideration. *See Hazel*, 190 F. App'x at 137. In denying Plaintiff's previous request to reopen discovery (ECF No. 459), Judge Allen made clear that "the parties have had sufficient time to complete discovery. The Court has repeatedly extended the deadline for completing fact discovery and subsequently stressed that the deadline *would not be further extended* except for completing Plaintiff's deposition and serving post-deposition document demands." (ECF No. 472 at 5 (emphasis added).) Notwithstanding this order, Plaintiff again requested to reopen discovery. (ECF No. 477.)

Given Plaintiff's *pro se* status, Judge Allen, in her discretion, provided him the courtesy of construing his motion as one for reconsideration. (ECF No. 491 at 5.) Plaintiff argues construing his motion as a motion for reconsideration was improper. (ECF No. 496 at 2.) Even if Judge Allen had declined to consider the motion as one for reconsideration, the motion could have properly been dismissed as duplicative. *See Sondesky v. Cherry Scaffolding, Inc.*, Civ. A. No. 16-5667, 2017 WL 3873578, at *3 n. 5 (E.D. Pa. Sept. 5, 2017). In other words, his motion was sufficiently duplicative to warrant dismissal because his multiple requests (ECF Nos. 459, 477) share sufficient overlapping content, intentions, and effect in that they seek to reopen discovery to some degree. *See id.*; Duplicative, Black's Law Dictionary (11th ed. 2019) (defining "duplicative" as "[h]aving

or characterized by having overlapping content, intentions, or effect"). Additionally, while Plaintiff may disagree with how Judge Allen arrives at her decisions regarding his discovery disputes, magistrate judges have "wide-ranging discretion to manage the scheduling of discovery." *Glazewski v. Corzine*, Civ. A. No. 06-4107, 2008 WL 5388100, at *1 (D.N.J. Dec. 22, 2008) (citing *Cipollone v. Ligget Grp. Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986)); L.Civ.R. 72.1. A party's mere disagreement with a magistrate's decision is insufficient to warrant reversal. *Sabinsa*, 2020 WL 1503061, at *4.

Accordingly, Plaintiff has failed to show that the May 25, 2023 Order was clearly erroneous or contrary to law. Plaintiff's appeal (ECF No. 496) is therefore **DENIED**, and Judge Allen's May 25, 2023 Order (ECF No. 491) is **AFFIRMED**.

### D.      The June 22, 2023 Order

Lastly, Plaintiff appeals Judge Allen's order granting WGS's request to extend the deadline to file summary judgement motions from June 30, 2023, to July 31, 2023. (ECF No. 499.) Plaintiff argues the June 22, 2023 order is procedurally improper and premature because he has not received various documents from Defendants. (*Id.*)

Magistrate judges have broad discretion to issue case-management orders, including orders designating deadlines to file motions for summary judgment. *Cf. Talley v. Wetzel*, Civ. A. No. 21-1855, 2022 WL 3712869, at *2 (3d Cir. 2022); *see also In re Lipitor Antitrust Litig.*, Civ. A. No. 12-2389, 2022 WL 4586419, at *3 (D.N.J. Sept. 29, 2022) ("Magistrate Judges retain broad discretion to manage their docket and decide discovery issues"); L.Civ.R. 72.1. "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Frazier Indus. Co. v. Frozen Assets Cold Storage LLC*, Civ. A. No.

21-5545, 2023 WL 4526023, at *2 (D.N.J. July 13, 2023) (quoting *Cooper Hosp./Univ. Med. Ctr.*

*v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998)).

The Court finds no abuse of discretion within the June 22, 2023 order extending summary

judgment deadlines. Plaintiff's arguments center around discovery being incomplete. Plaintiff does

not seem to argue that the extension itself was improper[2], but argues that setting any deadline for

summary judgment motions is improper. (ECF No. 503 at 1.) Plaintiff claims he is unable to

"object to proceeding to summary judgment motion [sic]" because "the requisite review and amend

[sic] period for the plaintiff has not been allowed." (*Id.*) Specifically, Plaintiff argues "Defense has

not announced the transcript deposition on Plaintiff is ready for view." (*Id.*)

As explained above, "[d]iscovery must have an end point, and the decision to cut off

discovery is committed to the management skills of the district court."[3] *J.G.*, 2014 WL 1652793

at *2 (quoting *Stevo*, 662 F.3d at 886). Judge Allen found that the parties have had ample

opportunity to engage in discovery and decided to conclude discovery. Plaintiff's mere

disagreement cannot alone serve as the basis for reversal. *See Simmons*, 2019 WL 2743954, at *2.

Additionally, Plaintiff's claim that the June 22, 2023 improperly removes the requirement

for the parties to seek leave from the court before filing a motion for summary judgment is

unfounded. Magistrate judges have broad discretion to issue case-management orders, including

---

[2] In fact, Plaintiff subsequently made his own request for an extension of the deadline for summary judgment motions. (ECF No. 516.)

[3] The district court has broad discretion to manage discovery, and a district court judge may designate "a magistrate judge to hear and determine any pretrial matter pending before the court except [pretrial matters not relevant here]." 28 U.S.C. § 636(b)(1)(A); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). Accordingly, a magistrate judge acts with the authority of the district court when carrying out the duties assigned by the district court, including those related to discovery and scheduling. *Peretz v. U.S.*, 501 U.S. 923, 938 (1991); 28 U.S.C. § 636(a); L.Civ.R. 72.1(a)(3).

requiring parties to seek leave before filing motions. *In re Lipitor Antitrust Litig.*, 2022 WL 4586419, at *3; *see also Reardon v. New Jersey*, Civ. A. No. 13-5363, 2021 WL 2376735, at *1 (D.N.J. June 10, 2021). The Court finds that removal of this requirement does not constitute an abuse of discretion.

Accordingly, Plaintiff's appeal (ECF No. 503) is **DENIED**, and Judge Allen's June 22, 2023 Order (ECF No. 499) is **AFFIRMED**.

## IV.   DECISION

For the reasons set forth above, Plaintiff's appeals (ECF Nos. 487, 488, 496, 503) **DENIED**, and the Honorable Jessica S. Allen, U.S.M.J.'s Orders (ECF Nos. 472, 473, 491, 499) are **AFFIRMED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 13, 2023