<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH LAMAR ANGLIN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MATTHEW ANGLIN, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-04049 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are *pro se* Plaintiff Joseph Lamar Anglin's ("Plaintiff") letter requests for reconsideration. The first is construed as a Motion for Reconsideration[1] (ECF No. 522) of the Court's September 13, 2023 Opinion and Order (ECF Nos. 519, 520), which denied Plaintiff's appeals of several orders entered by the Honorable Jessica S. Allen, U.S.M.J. (ECF Nos. 472, 473, 491, 499). Defendants Wilentz, Goldman & Spitzer, P.A. and Edwin Leavitt-Gruberger, Esq. ("Leavitt-Gruberger") (collectively, the "Wilentz Defendants") filed an opposition. (ECF No. 524.) The second is construed as an appeal[2] of: (1) Judge Allen's October 23, 2023 Letter Order denying Plaintiff's motion for sanctions against Defendants Robert Anglin, Christian Anglin (collectively, the "Anglin Defendants"), and their attorney, Saif M. Agha ("Agha"); and (2) Judge Allen's November 1, 2023 Order denying Plaintiff's Motion for Reconsideration of Judge Allen's

---

[1] Plaintiff's September 27, 2023 letter was entitled "Request for Reconsideration of some Opinions in ECF 519 and Orders in ECF 520."

[2] Plaintiff's November 7, 2023 letter asked the undersigned to "reconsider" Judge Allen's decision. However, because the request to review the underlying decision was addressed to the undersigned, the Court construes the letter as an appeal.

October 23, 2023 Letter Order. (ECF No. 540.) Having reviewed the parties' submissions filed in connection with the letter requests for reconsideration and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion for Reconsideration (ECF No. 522) is **DENIED**, Plaintiff's appeal (ECF No. 540) is **DENIED**, and the Honorable Jessica S. Allen, U.S.M.J.'s October 23, 2023 Letter Order (ECF No. 525) and November 1, 2023 Order (ECF No. 531) are **AFFIRMED**.

## I.   BACKGROUND

The extensive factual and procedural background of this matter are well known to the parties. Therefore, the Court includes only the facts and procedural background relevant to Plaintiff's letter requests for reconsideration.

### A.   The September 13, 2023 Opinion and Order

On September 13, 2023, the Court issued an Opinion and Order (ECF Nos. 519, 520), denying Plaintiff's appeals of several letter orders entered by Judge Allen (ECF Nos. 472, 473, 491, 499). Plaintiff appealed Judge Allen's May 3, 2023 Letter Order (ECF No. 472), which denied Plaintiff's request for reopening discovery. The Court affirmed the May 3, 2023 Letter Order and held "Plaintiff's appeal lacks merit, because the May 3, 2023 order does not constitute an abuse of discretion." (ECF No. 519 at 6.) Additionally, Plaintiff appealed Judge Allen's May 4, 2023 Letter Order (ECF No. 473), denying Plaintiff's motion for an entry of default against Leavitt-Gruberger. The Court affirmed the May 4, 2023 Letter Order and found "Plaintiff has failed to show that the May 4, 2023 Order was clearly erroneous, or contrary to law." (ECF No. 519 at 7.) Plaintiff also appealed Judge Allen's May 25, 2023 Letter Order (ECF No. 491), which denied Plaintiff's motion to extend expert discovery deadlines and reopen discovery which was filed as an "Emergent

Motion Concerning Adjournment of the End of Fact Discovery." The Court affirmed the May 25, 2023 Letter Order and held Plaintiff's mere disagreement with Judge Allen's decision was insufficient to warrant reversal. (ECF No. 519 at 9.)

On September 27, 2023, Plaintiff filed a "Letter Request for Reconsideration of some Opinions in ECF 519 and Orders in ECF 520." (ECF No. 522.) On September 29, 2023, the Wilentz Defendants filed an opposition. (ECF No. 524.)

**B.     Judge Allen's October 23, 2023 Letter Order and November 1, 2023 Order**

On May 12, 2023, Plaintiff filed a motion for sanctions against the Anglin Defendants and Agha. (ECF No. 478.) Plaintiff asserted the Anglin Defendants and Agha committed sanctionable conduct during proceedings before the Superior Court of New Jersey, Chancery Division, Probate Part. (*See generally id*.) On May 15, 2023, the Anglin Defendants and Agha opposed Plaintiff's motion for sanctions. (ECF No. 479.) On October 23, 2023, Judge Allen entered a Letter Order denying Plaintiff's motion for sanctions. (ECF No. 525.) Judge Allen held "the federal district court is not the proper forum [for Plaintiff] to bring his motion for sanctions. In sum, there is no basis for this Court to grant Plaintiff's requested relief." (*Id*. at 3.)

On October 26, 2023, Plaintiff filed a letter entitled "Plaintiff's Concern and request for emergent reconsideration of Order ECF 525." (ECF No. 527.) On October 27, 2023, the Anglin Defendants filed a letter in response. (ECF No. 528.) On October 31, 2023, Plaintiff filed a reply in further support of reconsideration.[3] (ECF No. 533.) On November 1, 2023, Judge Allen entered an Order denying Plaintiff's Motion for Reconsideration. (ECF No. 531.) On November 6, 2023, Judge Allen entered a text order which acknowledged receipt of Plaintiff's reply papers but

---

[3] Although the reply was timely filed and dated October 31, 2023, the reply was not entered onto the docket until November 3, 2023.

reaffirmed the November 1, 2023 Order denying Plaintiff's request for reconsideration. (ECF No. 538.)

On November 7, 2023, Plaintiff filed a letter entitled "Plaintiff Timely filed Objections to Honorable Magistrates Erroneous Order in ECF 525 and repeated in ECF 531."[4] (ECF No. 540.) As of the date of this Opinion, the Court has not received any letters in opposition or in further support of Plaintiff's appeal of Judge Allen's October 23, 2023 Letter Order and Judge Allen's November 1, 2023 Order.

## II.   LEGAL STANDARD

### A.   Motion for Reconsideration

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.,* Civ. A. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead,

---

[4] The letter was filed on November 7, 2023, but the letter was dated as November 11, 2023.

Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771,

2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not

suffice to show that the Court overlooked relevant facts or controlling law . . . and should be dealt

with through the normal appellate process.") (citations omitted).

### B.     Appeal of a Magistrate Judge's Decision

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of

Civil Procedure 72(a) states: "[t]he district judge . . . must consider timely objections and modify

or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this

Court's Local Rules provide "[a]ny party may appeal from a [m]agistrate [j]udge's determination

of a non-dispositive matter within 14 days" and the district court "shall consider the appeal and/or

cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly

erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

"A discovery order is generally considered to be non-dispositive." *Williams v. American

Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's

order if the order is shown to be "clearly erroneous or contrary to law" on the record before the

magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial

matter [properly referred to the magistrate judge] where it has been shown that the magistrate

judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R.

72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district

court as having a "clearly erroneous review function," permitted only to review the record that was

before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to

law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

A district court "will determine that a finding is clearly erroneous 'when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A district court, however, will review a magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted); *see also Haines*, 975 F.2d at 92 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law").

A district court may also apply a more deferential standard, the abuse of discretion standard "[w]here the appeal seeks review of a matter within the exclusive authority of the [m]agistrate [j]udge, such as a discovery dispute." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006) (citations omitted); *see also Callas v. Callas*, Civ. A. No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Kresefsky v. Panasonic Commc'ns. and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (2d ed. 1997) (noting that "many matters such as discovery scheduling or disputes might better be

characterized as suitable for an abuse-of-discretion analysis"). An abuse of discretion arises "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)). Further, "[t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. U.S.*, 518 U.S 81, 100 (1996); *see also Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) ("Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones.").

## III.   DECISION

### A.   Reconsideration of the Court's September 13, 2023 Opinion and Order

Plaintiff asserts the Court should reconsider its denial of Plaintiff's appeal of Judge Allen's May 3, 2023 Letter Order because the new evidence sought in the underlying motion to reopen discovery that was the subject of Judge Allen's May 3, 2023 Letter Order "was only fortuitously revealed through documents which defendants presented in State Court proceedings in June of 2022." (ECF No. 522 at 1.) Next, Plaintiff contends reconsideration of the Court's denial of Plaintiff's appeal of Judge Allen's May 4, 2023 Letter Order is warranted because Judge Allen improperly imposed a requirement for Plaintiff to file an amended consolidated complaint following the consolidation. (*Id*. at 2.) As to the Court's denial of Plaintiff's appeal of Judge Allen's May 25, 2023 Letter Order, Plaintiff argues the Court should reconsider this portion of its September 13, 2023 Opinion and Order because "deny[ing] the Plaintiff the ability to compel recalcitrant subpoena recipients goes against justice and fairness." (*Id*.) Plaintiff further submits Judge Allen's "ruling that party discovery and subpoena discovery are the same thing appears

arbitrary. . . . [T]he Magistrate appears to have made [an] error and unreasonably restricted Plaintiff's discovery." (*Id.*)

In opposition, the Wilentz Defendants assert "Plaintiff sets forth no new arguments and merely voices disagreement with this Court's orders." (ECF No. 524 at 1) (citing *Simmons v. Gilmore*, Civ. A. No. 17-996, 2019 WL 2743954, at *2 (W.D. Pa. July 1, 2019)). Additionally, the Wilentz Defendants contend Plaintiff "has failed to articulate any basis meriting reconsideration." (*Id.*)

Judge Allen's May 3, 2023 and May 25, 2023 Letter Orders denied Plaintiff's requests for discovery to be reopened. (ECF Nos. 472, 491.) A district court has broad discretion to manage discovery, and a district court judge may designate "a magistrate judge to hear and determine any pretrial matter pending before the court except [pretrial matters not relevant here]." 28 U.S.C. § 636(b)(1)(A); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). A magistrate judge acts with the authority of the district court when carrying out the duties assigned by the district court, including those related to discovery and scheduling. *Peretz v. U.S.*, 501 U.S. 923, 938 (1991); 28 U.S.C. § 636(a); L.Civ.R. 72.1(a)(3). Further, magistrate judges have "wide-ranging discretion to manage the scheduling of discovery." *Glazewski v. Corzine*, Civ. A. No. 06-4107, 2008 WL 5388100, at *1 (D.N.J. Dec. 22, 2008) (citing *Cipollone v. Ligget Grp. Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986)); L.Civ.R. 72.1.

Plaintiff has failed to demonstrate a change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact, as required on a motion for reconsideration. *Max's Seafood*, 176 F. 3d at 677. As detailed in the September 13, 2023 Opinion, Judge Allen has previously granted multiple discovery extension requests and found that the parties have had ample opportunity to engage in discovery. (*See* ECF Nos. 371, 373, 373, 387,

393–94, 397, 401, 411.) "The decision whether to reopen discovery is committed to the sound discretion of the district court." *Porcaro v. Nexel Indus., Inc.*, Civ. A. No. 17-2573, 2022 WL 4233836, at *4 (D.N.J. Sept. 14, 2022). However, "[d]iscovery must have an end point, and the decision to cut off discovery is committed to the management skills of the district court." *J.G. v. C.M.*, Civ. A. No. 11-2887, 2014 WL 1652793, at *2 (D.N.J. Apr. 23, 2014) (quoting *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011)). In support of the Motion for Reconsideration, Plaintiff fails to identify a basis warranting reconsideration of the portions of the Court's September 13, 2023 Opinion and Order, which denied Plaintiff's appeal of the May 3, 2023 and May 25, 2023 Letter Orders. The Court finds Plaintiff's conclusory assertion that Judge Allen committed an "error" by denying Plaintiff's motions to reopen discovery (ECF No. 522 at 1–2), displays "[m]ere 'disagreement with the Court's decision' [which] does not suffice" to warrant reconsideration. *ABS Brokerage*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353).

Judge Allen's May 4, 2023 Order (ECF No. 473), denied Plaintiff's fifth request for an entry of default against Leavitt-Gruberger (*see*, *e.g.*, ECF Nos. 398, 402, 405, 406, 465). In the September 13, 2023 Opinion, the Court denied Plaintiff's appeal of the May 4, 2023 Order. (ECF No. 519 at 6–7.) The Court noted Plaintiff's reference to new procedural requirements required by Judge Allen was unclear. (*Id*. at 7.) Although Plaintiff provides clarity as to the arguments he raised in support of the underlying appeal, the Court does not find any basis to reconsider this portion of the September 13, 2023 Opinion and Order. Judge Allen did not improperly impose a procedural requirement; rather, Judge Allen merely noted Plaintiff did not file an amended consolidated complaint in the May 4, 2023 Order. (ECF No. 473 at 2.) As Judge Allen found, "Leavitt-Gruberger filed an Answer to the Complaint and has actively defended the instant action for years." (*Id*.) It is clear this preceding statement served as the primary basis for Judge Allen's decision in

denying Plaintiff's fifth request for an entry of default. Similarly, on May 3, 2022, the Office of the Clerk of Court provided a Quality Control Message denying Plaintiff's first request for an entry of default against Leavitt-Gruberger because Leavitt-Gruberger had filed an Answer.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a)(emphasis added). Here, just as the Office of the Clerk of Court and Judge Allen have denied Plaintiff's previous requests for entry of default, the Court denies Plaintiff's *seventh* request for an entry of default against Leavitt-Gruberger because Leavitt-Gruberger filed an Answer to the Complaint on June 27, 2018.[5] (ECF No. 131.) Therefore, Plaintiff has not identified a basis to grant reconsideration.

The Court again finds Plaintiff has failed to satisfy his burden in support of his appeals of Judge Allen's May 3, 2023, May 4, 2023, and May 25, 2023 Letter Orders. Accordingly, Plaintiff's Motion for Reconsideration of the Court's September 13, 2023 Opinion and Order is **DENIED**.

**B.**      **Appeal of Judge Allen's October 23, 2023 Letter Order and November 1, 2023 Order**

In support of Plaintiff's appeal of Judge Allen's October 23, 2023 Letter Order and November 1, 2023 Order, Plaintiff asserts sanctions against the Anglin Defendants and Agha are warranted because the Anglin Defendants and Agha have "wrongfully impacted" discovery resulting in the case being "wrongly negatively impacted against the [P]laintiff." (ECF No. 540 at 2.) Plaintiff further submits the Anglin Defendants and Agha "have repeatedly committed perjury

---

[5] Plaintiff's appeal of the May 25, 2023 Order (ECF No. 491) effectively represented Plaintiff's sixth request for an entry of default. Therefore, Plaintiff's Motion for Reconsideration (ECF No. 522) of the Court's September 13, 2023 Opinion and Order represents Plaintiff's seventh request for an entry of default against Leavitt-Gruberger.

and contempt of this Court." (*Id*.) Plaintiff contends "Agha had repeatedly misrepresented to THIS

Court, [h]e denied that he was charging the estate for his fees, and committed a series of dilatory

delays and wrongful concealment and withholding of discovery to cover that action." (*Id*. at 1.)

Additionally, Plaintiff argues Judge Allen's October 23, 2023 Letter Order should be

overturned because Judge Allen "addressed matters that took place in the NJ Superior Court and

without apparent relevancy in terms of addressing the issues that had taken place in this U.S.

Court's proceedings as requested in the Motion." (*Id*. at 2.) As to the November 1, 2023 Order,

Plaintiff asserts his motion for reconsideration of Judge Allen's October 23, 2023 Letter Order

"concisely listed the events of the matters which the Magistrate Judge has overlooked." (*Id*.)

Plaintiff contends Agha responded to Plaintiff's motion for reconsideration "with a repeat of the

perjury that he had not charged the estate for his services." (*Id*.) Plaintiff argues Judge Allen

ignored "the matters of the Motion" resulting in an "error and injustice." (*Id*.) Plaintiff reiterates

"there is an unmistakable [] need to correct what is clear error of law AND to prevent manifest

injustice." (*Id.*)

In the October 23, 2023 Letter Order, Judge Allen denied Plaintiff's motion for sanctions

against the Anglin Defendants and Agha. (ECF No. 525.) Judge Allen's November 1, 2023 Order

denied Plaintiff's request for reconsideration of the October 23, 2023 Letter Order.[6] (ECF No.

---

[6] Plaintiff asserts "the matters of Plaintiff's reply in ECF 533 were not available when the Court's decision ECF 525 was made, except perhaps the exhibits which when ECF 478 was submitted were expected to be unnecessary and redundant." (ECF No. 540 at 2–3.) The Court assumes this was a typographical error. Plaintiff appears to be taking issue with Judge Allen's November 1, 2023 Order (ECF No. 531) not Judge Allen's October 23, 2023 Letter Order (ECF No. 525). Plaintiff is correct in stating Judge Allen did not consider his reply in further support of his motion for reconsideration. (ECF No. 533.) However, as Judge Allen correctly noted in both the November 1, 2023 Order and the November 6, 2023 text order, "reply papers are not permitted [in support of a motion for reconsideration] without permission from the Court, pursuant to Local Civil Rule 7.1(d)(3)." (ECF No. 531 at 1 n.1; ECF No. 538.) Therefore, this assertion is meritless.

531.) Here, the Court finds Judge Allen has not "misinterpreted or misapplied applicable law" in denying Plaintiff's motion for sanctions and Plaintiff's motion for reconsideration. *Kounelis*, 529 F. Supp. 2d at 518. In the October 23, 2023 Letter Order, Judge Allen held "the Court cannot blanketly conclude that the Anglin Defendants or Agha committed any wrongdoing before this Court based on statements that Agha made during court conferences in this action, let alone conclude that that they engaged in sanctionable conduct." (ECF No. 525 at 3.) In support of his appeal, Plaintiff has failed to identify a basis warranting his motion for sanctions against the Anglin Defendants and Agha. Instead, Plaintiff makes broad, conclusory statements such as claiming, "Plaintiff's discovery efforts were wrongly damaged greatly, his case wrongly damaged greatly, and he was impoverished by delayed and dilatory acts." (ECF No. 540 at 1.) Therefore, Plaintiff has failed to satisfy his burden of showing Judge Allen's October 23, 2023 Letter Order and November 1, 2023 Order were clearly erroneous or contrary to law. *Marks*, 347 F. Supp. 2d at 149.

Even if this Court would have decided the issue differently, it cannot substitute its judgment for that of the Magistrate Judge, because "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *See Waterman*, 755 F.3d at 174 (quoting *Anderson*, 470 U.S. at 574). Further, the Court is not "left with the definite and firm conviction that a mistake has been committed." *See Dome Petroleum*, 131 F.R.D. at 65 (quoting *U.S. Gypsum*, 333 U.S. at 395). Accordingly, Plaintiff's appeal of Judge Allen's October 23, 2023 Letter Order and November 1, 2023 Order is **DENIED**.

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 522) is

**DENIED**, Plaintiff's appeal (ECF No. 540) is **DENIED**, and the Honorable Jessica S. Allen,

U.S.M.J.'s October 23, 2023 Letter Order (ECF No. 525) and November 1, 2023 Order (ECF No.

531) are **AFFIRMED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  December 8, 2023